IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Criminal No. 06-685 |
| | : | |
| | : | |
| TERRELL BRICE | : | |

**Diamond, J.**                                                              **November 20, 2008**

## MEMORANDUM

On November 10, 2008, I sentenced Defendant Terrell Brice on drug and weapons charges. As I then explained, in calculating Defendant's advisory Guidelines range I determined that: 1) Defendant is a career offender under § 4B1.1; and 2) Defendant is not entitled to a two point reduction in offense level under § 3E1.1(a) for acceptance of responsibility. See U.S. Sentencing Guidelines Manual §§ 4B1.1; 3E1.1. In this Memorandum, I more fully set forth the reasons for these conclusions.

**I.     BACKGROUND**

On December 5, 2006, the grand jury returned a three count indictment against Defendant, charging him with distribution of cocaine, possession of a firearm in connection with a drug trafficking crime, and possession of a firearm by a convicted felon. 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 924(c)(1)(A); 922(g)(1); see Doc. No. 1. Defendant's trial began on July 31, 2007, and ended on August 6, 2007, when I declared a mistrial because of a hung jury. On November

6, 2007, Defendant pled guilty to Counts I and III of the Indictment.

### A.  Defendant's Guilty Plea and Initial Guidelines Calculation

Defendant pled guilty pursuant to a written agreement.  During the plea hearing, Defendant admitted that on the evening of November 4, 2005, he sold cocaine on a street corner in North Philadelphia.  Defendant admitted that he kept the drugs on the porch of a nearby house, where he also kept two loaded handguns.  Defendant admitted that he had been convicted in 2001 in Pennsylvania state court of possession with intent to distribute cocaine, a felony.  Tr. Nov. 6, 2007 at 6:17-25, 8:20-24; Doc. Nos. 50, 55 at ¶ 1.  Finally, Defendant admitted that he was pleading guilty to distribution of cocaine and possession of a firearm by a convicted felon because he was guilty of having committed those crimes.  Tr. Nov. 6, 2007 at 9:23-12:15.

In its Presentence Investigation Report, Probation recommended that I designate Defendant as a "career offender" under Guidelines § 4B1.1.  Such a designation would increase Defendant's offense level from 24 to 34, and his criminal history category from IV to VI.  The Probation Office also recommended that I reduce Defendant's offense level to 32 for acceptance of responsibility.  U.S. Sentencing Guidelines Manual § 3E1.1(a).  The resulting advisory Guideline range was 210-262 months incarceration.

### B.  Defendant Seeks to Withdraw His Guilty Plea

On February 13, 2008, Defendant filed a *pro se* motion to withdraw his guilty plea, alleging that his counsel had lied to him about the sentence I would impose.  I allowed Defendant's lawyer to withdraw, and appointed new counsel.  I conducted a hearing on May 1, 2008, during which Defendant reiterated that he pled guilty only because his prior counsel

promised that Defendant's sentence would not exceed 63 to 78 months incarceration.  Tr. May 1, 2008 at 6-7.  Defendant testified that he admitted his guilt during his guilty plea hearing because: "I was just saying yes to everything like my lawyer was telling me to."  Id. at 11:20-21.  Defendant explicitly denied that he pled guilty because he was guilty:

> Prosecutor: . . . So, you told the Court that you were pleading guilty because you were guilty, correct?
> Defendant: No.
> Prosecutor: Well, that is what it says right there in the notes of testimony, sir.
> Defendant: I said yes thinking I was going to get sixty-three to seventy-eight months.
> Prosecutor: Is it your testimony now that you were lying then?
> Defendant: I'm not saying that I pleaded guilty because I was guilty.  If that's the case I wouldn't have went to trial.

Id. at 21:18-22:3.  Finally, Defendant testified that he was innocent of the charges to which he had pled guilty:

> Defense Counsel: Mr. Brice, are you here today asserting your innocence to this case?
> Defendant: Yes.
> Counsel: So you are saying you are not guilty?
> Defendant: Yes.

Id. at 23:13-17.  Based on this testimony, Defendant's new counsel orally moved to amend Defendant's Motion to Withdraw to include a claim of innocence.  Id. at 23:18-20.  See United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001) (a defendant's assertion of his innocence is a prerequisite to the court allowing him to withdraw his guilty plea).  I allowed the amendment but, discrediting Defendant's testimony, denied his Motion on May 19, 2008.  Id. at 23: 21; Doc. No. 71.

### C.  Defendant's Sentencing Hearing

Defendant's Presentence Report revealed that he had nine prior arrests, two juvenile adjudications, and three prior Pennsylvania state court adult convictions.  The Government agreed with Probation that two of these convictions – Defendant's 2001 conviction for drug dealing and his 1999 conviction for simple assault – resulted in Defendant's designation as a career offender under § 4B1.1.  The Government also argued that Defendant was not entitled to a two level downward adjustment for acceptance of responsibility.  See U.S. Sentencing Guidelines Manual § 3E1.1(a).

I agreed that Defendant is a "career offender."  I also ruled that Defendant was not entitled to a two level reduction for acceptance of responsibility, thus raising his offense level to 34.  With the increased criminal history category of VI, Defendant's advisory Guidelines range was 262 to 327 months.  Because I concluded that under the factors set out in 18 U.S.C. § 3553(a) a sentence within this range was unreasonably high, I granted Defendant's request for a downward variance and sentenced him to 180 months imprisonment, six years of supervised release, a $17,500 fine and $200 special assessment.

## II.  CAREER OFFENDER DETERMINATION

The Sentencing Guidelines provide for classification as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a).  Defendant did not dispute that he meets the first

two criteria: 1) he was 25 years old at the time of the instant offenses; and 2) his instant cocaine distribution conviction is a "controlled substance offense." Nor did Defendant dispute that his 2001 Pennsylvania conviction for possession with intent to deliver a controlled substance qualifies as a prior "controlled substance offense." See PSR ¶ 48. Rather, Defendant argued that his 1999 Pennsylvania conviction for simple assault is not a "crime of violence" under § 4B1.1. Thus, in Defendant's view, he is not a career offender because he has only one qualifying prior felony conviction.

>Under § 4B1.2(a), a "crime of violence" is:
>
>. . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The application notes to § 4B1.2 list additional examples, including murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Defendant argued at sentencing that simple assault is not a crime of violence because, unlike aggravated assault, it is not included as an example in either § 4B1.2(a)(2) or the application notes. I disagree. The examples included in both § 4B1.2(a)(2) and the application notes are not exclusive but illustrative. Whether a particular offense is a "crime of violence" is determined by how the offense is actually defined.

>At the time of Defendant's 1999 conviction, Pennsylvania statutory law provided the following definition of simple assault:
>
>A person is guilty of assault if he:
>(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to

  another;
  (2) negligently causes bodily injury to another with a deadly weapon; or
  (3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa. Cons. Stat. § 2701(a).  The Third Circuit has held that the Pennsylvania statutory crime of simple assault is a "crime of violence" under § 4B1.1:

> Because all three parts of Pennsylvania's definition of simple assault necessarily involve 'conduct that presents a serious potential risk of physical injury,' a conviction under the statute is one for a 'crime of violence.'

United States v. Dorsey, 174 F.3d 331, 333 (3d Cir. 1999).  In reaching this conclusion, the Dorsey Court apparently did not find significant that the § 4B1.2 application notes include aggravated but not simple assault as a crime of violence.  See Tr. Nov. 10, 2008 at 11:22-12:4 (Defendant concedes that the § 4B1.2 application note has not changed since Dorsey).

  Defendant argued that Dorsey is no longer viable after the Supreme Court's recent decision in Begay v. United States.  128 S. Ct. 1581 (2008).  Again, I disagree.  In Begay, the Supreme Court held that under the Armed Career Criminal Act, a conviction for driving under the influence of alcohol is not a "violent felony" requiring the imposition of an increased penalty.  See 18 U.S.C. § 924(e)(2)(B).  That Act defines "violent felony" in part as one that presents a "serious potential risk of physical injury to another" – the same definition as that provided for "crime of violence" in Guidelines § 4B1.2(a)(2).  The Supreme Court reasoned that the inclusion of examples of crimes that present serious potential risk of physical injury – burglary, arson, extortion, and use of explosives – indicated that Congress intended the Act to apply only to crimes that are "roughly similar, in kind as well as in degree of risk posed, to the examples themselves."  Begay, 128 S. Ct. at 1585.  The Supreme Court thus determined that DUI, a strict liability offense, is not the type of "purposeful, violent, or aggressive conduct" characteristic of

6

crimes like burglary, arson, and the like.  Id. at 1586.

The Third Circuit has already held that simple assault is a crime that "presents a serious potential risk of physical injury to another." Dorsey, 174 F.3d at 333.  It now appears that Begay also requires me to determine whether simple assault is similar, both in kind and in degree of risk of physical injury, to the examples listed in § 4B1.2(a)(2) and its application notes.  I believe that it is.

To determine whether an offense constitutes a "crime of violence," I must follow a categorical approach and "examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay, 128 S. Ct. at 1584.  The statutory definition of simple assault – with its repeated reference to "bodily injury" – describes an offense similar to the § 4B1.2(a)(2) examples both in kind and degree of risk of physical injury posed.  Accordingly, I conclude that simple assault is exactly the kind of purposeful, violent, and aggressive behavior contemplated by § 4B1.1.  See United States v. Dates, No. 06-0083, 2008 WL 2620162 (W.D. Pa. June 30, 2008) (following the Begay analysis and concluding that the Pennsylvania statutory crime of simple assault is a crime of violence).

At sentencing, Defendant urged me to ignore the Begay Court's direction and consider the facts underlying his simple assault conviction.  Tr. Nov. 10, 2008 at 7:17-23.  Defendant submitted his arrest report, which described how on August 4, 1999, Philadelphia Police sought to question Defendant about drug selling.  As Defendant fled, he "swung his right elbow and struck [a police officer] in the forehead and the bridge of the nose, causing his nose to bleed, which spattered on the officers [sic] shirt."  Id. at 9; Def. Ex. 1.  This is certainly violent and

aggressive conduct presenting a substantial risk of physical injury. Accordingly, whether I follow the Begay Court's categorical approach or Defendant's fact-based analysis, when Defendant assaulted a police officer, he committed a "crime of violence" under § 4B1.1. Accordingly, I determined that Defendant was properly designated as a career offender.

### III.   ACCEPTANCE OF RESPONSIBILITY

As I have described, the Government argued at sentencing that because Defendant had moved to withdraw his guilty plea, he was no longer entitled to the two level reduction in his Guidelines offense level pursuant to § 3E1.1(a).

Section 3E1.1(a) provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." A defendant seeking an offense level reduction under § 3E1.1(a) has the burden of establishing by a preponderance of the evidence that he is entitled to the downward adjustment. United States v. Boone, 279 F.3d 163, 193 (3d Cir. 2002). Although a guilty plea is evidence of acceptance of responsibility, it is not dispositive, and may be outweighed by other evidence showing that the defendant has not accepted responsibility. United States v. Ortiz, 878 F.2d 125, 128 (3d Cir. 1989); U.S. Sentencing Guidelines Manual § 3E1.1 app. note 3.

The Second Circuit has held that "[a]n attempt to withdraw a plea, although not automatically disqualifying a defendant from seeking an adjustment . . . is a well-established ground for denying the adjustment." United States v. Hirsch, 239 F.3d 221, 226 (2d Cir. 2001). A district court "must evaluate the reason for the attempt to withdraw the plea and assess the acceptance-of-responsibility question in that light" -- i.e., whether the defendant has contested his

guilt. <u>United States v. Negron</u>, 967 F.2d 68, 73 (2d Cir. 1992).

As I have described, during the hearing on Defendant's motion to withdraw his guilty plea, Defendant reiterated his assertion that he pled guilty only because his lawyer lied to him respecting the sentence he would receive. Tr. May 1, 2008 at 6-7. Defendant also testified that he was not truthful when he admitted his guilt during the plea colloquy, and asserted that he was innocent of the crimes to which he pled guilty. <u>Id</u>. at 21-23.

In these circumstances, I determined that Defendant has not accepted responsibility for his crimes. Accordingly, I did not reduce Defendant's offense level pursuant to § 3E1.1(a).

## IV.     CONCLUSION

In sum, I determined at sentencing that under the Guidelines, Defendant: 1) is a career offender; and 2) is not entitled to a downward adjustment for acceptance of responsibility. Because I found the resulting Guideline range unreasonably high, I granted Defendant's request for a downward variance, and sentenced him accordingly.

**BY THE COURT:**

*/s/ Paul S. Diamond*

_____
**Paul S. Diamond, J.**